IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CR299-V

| | |
|---|---|
| JAMES EDWARD THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's "Place Holder Motion to Correct Illegal Incarceration," filed January 19, 2006. For the reasons stated herein, the Petitioner's Motion will be denied.

A review of the record reveals that on August 6, 1998 Petitioner entered a guilty plea to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. On May 5, 1999 this Court sentenced Petitioner to 235 months imprisonment followed by five years of supervised release. The Court entered judgment on June 28, 1999. Petitioner did not appeal his conviction or sentence.

On May 4, 2000, Petitioner filed his first § 2255 motion to vacate (3:00cv206) which this Court denied on April 23, 2001.[1] On December 4, 2003, Petitioner filed a Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. However, this Court reviewed the motion and determined that despite the caption, it was in fact a second motion to vacate pursuant to 28

---

[1] Petitioner then filed a motion to reconsider, which this Court dismissed on July 19, 2001. Petitioner appealed. In an unpublished opinion, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal on May 22, 2002. On June 25, 2002, the Fourth Circuit denied Petitioner's motion for rehearing en banc.

U.S.C. § 2255. On February 29, 2004, this Court denied Petitioner's second motion to vacate (3:03cv586, Document No. 3) as successive.

In the instant "Place Holder Motion to Correct Illegal Incarceration," Petitioner asks for an additional sixty (60) days to perfect and submit pleadings. While he does not explain what type of pleadings he wishes to file in sixty days, he attempts to argue that the one-year period of limitations calculation method set forth under 28 U.S.C. § 2255, para. 6, subpart (3) is applicable to his case, and that such provision entitles him to file a motion in order to press his newly recognized rights as announced in the United States Supreme Court case of <u>United States v. Booker</u>, 543 U.S. 220 (2005). Based on Petitioner's citation to <u>Booker</u> and to § 2255, this Court surmises that the Petitioner is seeking the additional sixty days so that he can file his third § 2255 motion. However, as was noted in the Court's previous Order, (Document No. 3), 28 U.S.C. § 2244(3)(A) states that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Inasmuch as it appears that the Petitioner's instant motion for additional time is calculated to lead to his filing a third motion to vacate in this Court, such motion must be denied. To be sure, any such motion under § 2255 would be considered successive, and this Court would be without authority to consider the merits of any claims set forth therein. Therefore, if the Petitioner were to file another motion to vacate, it would be subject to summary dismissal.

Moreover, to the extent that Petitioner is arguing that he should benefit from the calculation method outlined §2255, para. 6, subpart (3) based on a new rule announced by the Supreme court in <u>Booker</u>, he is mistaken. The United States Supreme Court explained that the one year limitations period under subpart (3) can be broken into two clauses, the latter being more

significant than the former. Dodd v. United States, 125 S.Ct. 2478, 2482 (2005).

In particular, the Court stated that the two clauses of subpart (3) provide that: (a) the date on which a new right was initially recognized can be used as the date from which to calculate the one year limitations period; (b) only "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. In other words, the second clause "imposes a condition on the applicability of the entire subsection" such that the provision does not apply at all if the newly recognized right has not been made retroactively applicable to cases on collateral review. Id. at 2482.

Critically, the Supreme Court has not made the new rule announced in Booker retroactively applicable in the collateral review context. Furthermore, the Fourth Circuit has explicitly held that the rule stated in Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, even if this Court were to grant Petitioner's request for more time, he simply cannot satisfy the conditions stated in 28 U.S.C. §2255, para. 6, subpart (3) because the holding which was articulated in Booker has not been made retroactively applicable to cases on collateral review.

Accordingly, for the above- stated reasons, this Court concludes that Petitioner's "Place Holder Motion to Correct Illegal Incarceration" should be, and is hereby, **DENIED**.
**SO ORDERED.**

Signed: January 30, 2006

Richard L. Voorhees
Chief United States District Judge