# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:97cr299-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JAMES EDWARD THOMAS. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Adjustment of Sentence to Provide for an Equalization of Cocaine Base and Power Cocaine Sentences [Doc. 171].

In November 1997, the Defendant was indicted for conspiracy to possess with intent to distribute cocaine base. [Doc. 1]. He entered a guilty plea to the indictment without the benefit of a plea agreement in August 1998. [Doc. 66]. On June 28, 1999, the Defendant was sentenced to 235 months of imprisonment. [Doc. 97]. He did not file a direct appeal from his conviction or sentence. His motion pursuant to 28 U.S.C. §2255 was dismissed on April 23, 2001 [Doc. 134] and his appeal from that decision was dismissed on July 16, 2002 [Doc. 139].

In September 2008, the Defendant was identified as potentially eligible for relief pursuant to the Crack Cocaine Guideline Amendment,

Amendment 706, which reduced by two levels the base offense level for offenses involving cocaine base. U.S.S.G. §1B1.10(c) (as amended by Amendment 706, effective November 1, 2007). The Defendant's court-appointed attorney filed a motion for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) in January 2009. [Doc. 160]. On March 3, 2009, the motion was denied because the Amendment does not apply to cocaine base amounts of 4.5 kilograms or more and the Defendant's case involved 6 kilograms. [Doc. 164]. The Fourth Circuit affirmed this ruling when the Defendant appealed. [Doc. 169].

The Defendant now moves to reduce his sentence, claiming he should have been sentenced as if the drug had been cocaine powder. In support, he claims that the United States Attorney General has determined that there should be a one to one ratio for cocaine base and powder. However, there has been no change by the Sentencing Commission which requires a one to one ratio for cocaine base and cocaine power. United States v. Duff, 2009 WL 2245694 (W.D.N.C. 2009); United States v. Owens, 2009 WL 3816857 (M.D.Fla. 2009). Thus, this Court has no authority to modify the Defendant's sentence. Duff, supra.

"On July 29, 2009, the House Judiciary Committee approved H.R.

3245,[1] entitled 'The Fairness in Cocaine Sentencing Act of 2009.' The bill, if enacted, will remove references to 'cocaine base' from the U.S. Code, effectively leaving a 1-1 ratio." <u>United States v. Medina</u>, 2009 WL 2948325 (S.D.Cal. 2009). The bill has not been enacted. <u>Id</u>.; <u>United States v. Brooks</u>, 2009 WL 4927883 (W.D.Pa. 2009) ("Congress has not passed a law regarding the sentencing differences between crack and powder cocaine."); <u>United States v. Scates</u>, 2009 WL 4110383 (W.D.Wis. 2009); <u>United States v. Brown</u>, 2009 WL 3837630 (D.Me. 2009) ("[P]ending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence."); <u>Campbell v. United States</u>, 2009 WL 3415162 (E.D.Tenn. 2009). The Defendant is therefore not entitled to any relief based on pending legislation.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Adjustment of Sentence to Provide for an Equalization of Cocaine Base and Power Cocaine Sentences [Doc. 171] is hereby **DENIED**.

Signed: February 25, 2010

Martin Reidinger
United States District Judge

---

[1] House of Representatives Bill 3245.